UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON RISTIE,<br>    Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>    Defendant. | Case No. 25-cv-01221-TSH<br><br>**ORDER RE: MOTION TO DISMISS, MOTION TO AMEND**<br>Re: Dkt. No. 7, 15 |

On October 21, 2024, Plaintiff Gordon Ristie, who is representing himself, filed a Complaint in Superior Court of California, County of San Francisco against Dr. Harrell-Bruder, a former employee of Naval Medical Center San Diego, asserting claims arising from allegations that Dr. Harrell-Bruder provided care to Plaintiff while serving as a staff physician in the United States Navy in 1987. *See* Compl., ECF No. 1-1. Plaintiff's claim appears to be for professional negligence, brought against Dr. Harrell-Bruder for acts taken during the scope of her employment as a federal official. *Id*.

On February 5, 2025, the action was removed to this Court and the United States was substituted as defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(d).[1] *See* ECF Nos. 1, 2. Now pending before the Court is the government's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), filed on February 12, 2025. ECF No. 7. On February 14, Plaintiff

---

[1] Under the Westfall Act, where the Attorney General of the United States (or their designee) certifies that a federal employee was acting within the scope of his or her office or employment at the time of the incident giving rise to the claim against the employee, that claim shall be deemed an action against the United States, and the United States shall be substituted as sole defendant for that claim. 28 U.S.C. § 2679(d)(1)-(2). The Attorney General's designee (here, the Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California) provided this certification alongside the notice of removal. *See* ECF No. 2.

responded by filing a motion to amend.[2] ECF No. 15.

Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or within 21 days after service of a responsive pleading or motion under Rule 12. "[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Given Plaintiff's pro se status, the Court construes his motion as an attempt to comply with Rule 15. As there has been no previous amendment, Plaintiff may file an amended complaint as a matter of course under Rule 15(a). Accordingly, the Court **GRANTS** Plaintiff's motion to amend. Plaintiff shall file any amended complaint by March 20, 2025. Defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE**. If Plaintiff fails to file an amended complaint by March 20, Defendant may re-notice its motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 28, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[2] The parties consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 14, 18.

2