UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON RISTIE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 25-cv-01221-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

## I. INTRODUCTION

Plaintiff Gordon Ristie, who is representing himself, alleges medical malpractice committed by Dr. Harrell-Bruder, a former employee of Naval Medical Center San Diego. Pending before the Court is the government's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), in which the government argues the complaint must be dismissed because Plaintiff did not exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") prior to filing the action. ECF No. 27. Plaintiff filed an Opposition (ECF No. 28) and the government filed a Reply (ECF No. 30). For the reasons stated below, the Court **GRANTS** the government's motion.

## II. MAGISTRATE JUDGE JURISDICTION

Both parties have filed consents to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 14, 18. However, on February 25, 2025, Plaintiff subsequently filed a declination to proceed before a magistrate judge and request for reassignment to a district judge. ECF No. 22. In *Branch v. Umphenour*, the Ninth Circuit held that a party's consent may only be withdrawn by a district judge for "good cause shown on its own motion, or under extraordinary circumstances shown by any party." 936 F.3d 994, 1001-02 (9th Cir. 2019); *see also* Fed. R. Civ.

1  P. 73(b)(3) ("On its own for good cause--or when a party shows extraordinary circumstances--the

2  district judge may vacate a referral to a magistrate judge under this rule."). As such, the Court

3  informed Plaintiff that if he sought to withdraw his consent to proceed before a magistrate judge,

4  he must file a motion to withdraw consent, which would be referred to the general duty judge for

5  resolution. ECF No. 33. As Plaintiff has failed to respond, the undersigned magistrate judge

6  retains the authority to rule on the merits of Defendant's motion.

### III. BACKGROUND

On October 21, 2024, Plaintiff filed a Complaint in Superior Court of California, County of San Francisco against Dr. Harrell-Bruder, a former employee of Naval Medical Center San Diego, asserting claims regarding care that Dr. Harrell-Bruder provided while serving as a staff physician in the United States Navy in 1987. Compl., ECF No. 1-1; *see also* ECF No. 26 at 14-16 (original complaint attached to amended complaint as exhibit). On February 5, 2025, the action was removed to this Court and the United States was substituted as the Defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(d).[1] *See* ECF Nos. 1, 2.

On February 12, 2025, the government moved for dismissal under Rule 12(b)(1), arguing Plaintiff failed to exhaust his administrative remedies. ECF No. 7. On February 14 Plaintiff responded by filing a motion to amend. ECF No. 15. As there had been no previous amendment, the Court construed his motion as an attempt to comply with Rule 15, granted his motion to amend, and denied the government's motion to dismiss without prejudice. ECF No. 25.

On March 19, 2025, Plaintiff filed a First Amended Complaint, alleging a "medical malpractice" claim for acts taken by Dr. Harrell-Bruder. ECF No. 26 at 3, 5. Plaintiff states he is a disabled veteran and alleges Dr. Harrell-Bruder breached the duty of care and "displayed a willful and conscientious disregard for plaintiff's safety and gross negligence, and civil rights

---

[1] Under the Westfall Act, where the Attorney General of the United States (or their designee) certifies that a federal employee was acting within the scope of his or her office or employment at the time of the incident giving rise to the claim against the employee, that claim shall be deemed an action against the United States, and the United States shall be substituted as sole defendant for that claim. 28 U.S.C. § 2679(d)(1)-(2). The Attorney General's designee (here, the Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California) provided this certification alongside the notice of removal. *See* ECF No. 2.

violations and federal codes under California ethics code" based on events that took place in 1987. *Id.* at 14.  Plaintiff seeks damages in the amount of $350,000.  *Id.*

The government filed the present motion to dismiss on April 2, 2025, again arguing Plaintiff failed to exhaust the administrative remedies under the FTCA.

### IV.   LEGAL STANDARD

Federal district courts are courts of limited jurisdiction: "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Rule 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.  A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## V.  DISCUSSION

"The FTCA is the exclusive mode of recovery for the tort of a Government employee." *M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) (citation and quotation omitted). "[T]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The present complaint itself is insufficient to exhaust these remedies, as "filling a lawsuit does not constitute an administrative claim required by the FTCA." *Bishop v. Mazda Motor of Am., Inc.*, 2012 WL 5383293, at *4 (N.D. Cal. Nov. 1, 2012).

Plaintiff does not allege he filed an administrative tort claim, and none of the documents attached to the amended complaint constitute an administrative tort claim. As such, Plaintiff cannot invoke the jurisdiction of this Court. *See Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982) ("A claim is properly presented to an agency within the meaning of 28 U.S.C. § 2675(a) when the agency is given sufficient written notice to commence investigation, and the claimant places a value on the claim."); 28 C.F.R. § 14.2 (Congress authorized the Attorney General to promulgate regulations further defining the administrative claim requirement, including that a claimant must execute a "Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain for injury to [claimant].").

In his opposition, Plaintiff does not deny he failed to exhaust his administrative remedies. Instead, he contends he is "in a position of the risk of filing false claim act under FTCA as there is no evidence of the defendant being a medical doctor or physicians as a federal employee." Opp'n at 1. Plaintiff appears to contend Dr. Harrell-Bruder was not acting within the scope of her federal employment at the time she provided medical care to him in 1987. However, he does not bring a claim directly against Dr. Harrell-Bruder and, even if he attempted to do so, any such effort would be meritless because the Attorney General's designee has certified that Dr. Harrell-Bruder was acting within the scope of her federal employment with the United States Navy. *See* ECF No. 2. This determination is "conclusive unless challenged." *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017). To rebut the certification, a plaintiff must "allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Id.* (quotation

4

omitted).

No allegation in the amended complaint (or document attached to the amended complaint) disputes that Dr. Harrell-Bruder was acting within the scope of her Navy employment during the relevant timeframe. Nor does the opposition itself, other than to request that Defendant provide "the following exhibit presented in the request of evidence in any manner of licensing for the procedures performed." *See* Opp'n 1. But this flips the burden on its head, as Plaintiff "bears the burden of presenting evidence and disproving" the scope certification. *Saleh*, 848 F.3d at 889; *Jackson v. Tate*, 648 F.3d 729, 735 (9th Cir. 2011). Further, while Plaintiff argues there is no evidence Dr. Harrel-Bruder acted as a federal employee, the records submitted by Plaintiff himself are consistent with Dr. Harrell-Bruder being within the scope of her U.S. Navy employment in 1987. *See* Opp'n at 9 (document appearing to be medical record signed by "B.G. Harrell-Bruder, LT [Lieutenant], MC [Medical Corps]"); *id.* at 10 (same); *id.* at 12 ("Report of Radiologic Consultation" listing "DR" as "Harrell-Bruder, B Lt Mc [Medical Corps] Usnr [U.S Naval Reserve]"). Thus, even if the Court were to accept Plaintiff's allegations as true, Dr. Harrel-Bruder's conduct still stems from her employment with the United States Navy. *See Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (Under California's "broad definition" of scope of employment, "even tortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment."). Accordingly, Plaintiff's argument that Dr. Harrell-Bruder was not acting within the scope of her federal employment—without any supporting evidence or well-pleaded factual allegations—cannot defeat the United States's scope certification. *See Saleh*, 848 F.3d at 889; *Ward v. Gordon*, 999 F.2d 1399, 1404 (9th Cir. 1993) (military physician was properly certified within the scope of employment when providing medical care as physician "acted precisely and only as the government expected and required him to act."); *Doe v. Uber Techs., Inc.*, 184 F. Supp. 3d 774, 784 (N.D. Cal. 2016) (The scope of employment analysis "asks whether 'in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business."). For these reasons, Plaintiff's complaint must be dismissed.

As the Court has already granted Plaintiff leave to amend, and Plaintiff failed to cure this jurisdictional defect, the Court finds further leave to amend would be futile.

## VI.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss **WITH PREJUDICE**.  The Court shall enter a separate judgment, after which the Clerk of Court shall terminate this matter.

**IT IS SO ORDERED.**

Dated: June 24, 2025

THOMAS S. HIXSON
United States Magistrate Judge